People v Jones (2026 NY Slip Op 00104)

People v Jones

2026 NY Slip Op 00104

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Ind No. 70573/22, 2402/19|Appeal No. 5581|Case No. 2023-05451|

[*1]The People of the State of New York, Respondent,
vKashaun Jones, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Sarah E. Siegel of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew Kim of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered October 12, 2023, convicting defendant, upon his plea of guilty of attempted burglary in the second degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate prison term of six years, followed by five years of postrelease supervision, unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed at sentencing, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), thereby foreclosing review of his excessive sentence claim. Nothing in the record indicates that defendant's mental illness impaired his ability to understand the nature of the appeal waiver, and it is evident that he voluntarily waived his right to appeal as he repeatedly told the court that he understood what was occurring when he was being asked about it (see People v Correa, 228 AD3d 409, 410 [1st Dept 2024], lv denied 42 NY3d 1079 [2025]). To the extent that there was any ambiguity in the colloquy as to whether the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty, it was resolved by the written waiver (see People v Ruperto, 200 AD3d 566, 567 [1st Dept 2021], lv denied 38 NY3d 953 [2022]). In any event, we perceive no basis for reducing defendant's sentence.
Based on our own interest of justice powers, we vacate the surcharges and fees imposed on defendant at sentencing (see People v Moore, 234 AD3d 445, 446 [1st Dept 2025]). We note that the People do not oppose this relief. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026